IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL D. PLASKY,

                                                               OPINION AND ORDER

                  Petitioner,

                                                                  09-cv-135-slc[1]

      v.

COUNTY OF ROCK, WISCONSIN;
STATE OF WISCONSIN;
MELISSA BROOKE JOOS, G.A.L for
State of Wisconsin; and
DIANE L. COUSIN,

                  Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This case was transferred to this venue from the Northern District of Indiana by order of the Hon. Allen Sharp on March 6, 2009. Petitioner is suing under 42 U.S.C. § 1983, alleging that his constitutional rights to due process were violated in connection with state

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

court divorce proceedings in Rock County, Wisconsin. Petitioner is acting pro se. He seeks leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915. From the affidavit of indigency accompanying petitioner's complaint, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit.

The next step is determining whether petitioner's proposed action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a respondent who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Petitioner's complaint is difficult to understand. He appears to be contending that his parental rights were terminated unfairly in the Circuit Court for Rock County and alleging illegal conduct on the part of the circuit court judge and the state guardian ad litem. Plaintiff has filed at least one appeal in the Wisconsin Court of Appeals. In this action, I understand him to be raising a due process claim under the Fourteenth Amendment for which he seeks money damages. Having reviewed petitioner's complaint, I conclude that he may not proceed on his due process claim against any respondent.

DISCUSSION

Petitioner appears to be contending that the actions of respondents deprived him of his rights under the Fourteenth Amendment due process clause. In effect, he is asking this court to intervene in completed state judicial proceedings, something that is impermissible under our federal system of government.

To the extent petitioner is asking this court to review and reverse the decisions of the state court of appeals, I cannot oblige. In Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983), the United States Supreme Court held that federal district courts lack jurisdiction to entertain appeals of the decisions of a state's highest court. The Rooker-Feldman doctrine has been extended to apply to decisions of lower state courts. E.g., Ritter v. Ross, 992 F.2d 750, 755 (7th Cir. 1993); Keene Corp. v. Cass, 908 F.2d 293 (8th Cir. 1990). Under the doctrine, a litigant may not obtain review of a state court judgment merely by recasting it as a civil rights action under § 1983. Ritter, 992 F.2d at 754. Rooker-Feldman bars a federal court from entertaining not only claims actually reviewed in state court but also other claims, including constitutional claims, that are "inextricably intertwined" with the claims heard by the state court. Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir. 1992) (quoting Feldman, 460 U.S. at 486).

Plaintiff had an opportunity to present his concerns in state court. He either failed to take advantage of this opportunity or the state court did not accept his position. If it was the latter, plaintiff's only redress was an appeal through the state court system and finally to the United States Supreme Court. This court has no authority to review a state court's determination regarding child support or child custody.

Moreover, petitioner cannot state a claim for money damages against respondents State of Wisconsin and Rock County. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). As a municipality, Rock County can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166-67 (1993). Petitioner has not alleged that any municipal custom or policy deprived him of his due process rights. Instead, petitioner seems to be claiming that the circuit court judge assigned to his case was biased against him and failed to follow proper court procedures. He has not named the judge as a respondent and he cannot do so. Judges are absolutely immune from liability for acts taken in the performance of their official duties that relate to their judicial function. Forrester v. White, 484 U.S. 219, 225-26 (1988); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Imbler v. Pachtman, 424 U.S. 409, 423 (1975).

4

ORDER

IT IS ORDERED that petitioner Michael D. Plasky's request for leave to proceed <u>in forma pauperis</u> is DENIED and this case is DISMISSED WITH PREJUDICE for plaintiff's failure to state a claim upon which relief may be granted.  The clerk of court is directed to close this file.

Entered this 24th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge