IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL D. PLASKY,

                                OPINION AND ORDER

           Petitioner,

                                09-cv-135-slc

      v.

COUNTY OF ROCK, WISCONSIN;
STATE OF WISCONSIN;
MELISSA BROOKE JOOS, G.A.L. for
State of Wisconsin; and
DIANE L. COUSIN,

           Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 24, 2009, this court dismissed petitioner's complaint, in which he alleged that various government entities and officials violated his due process rights under the Fourteenth Amendment in connection with state court divorce proceedings in Rock County, Wisconsin. Dkt. #6. I found that petitioner failed to state a claim on which relief could be granted. Petitioner has moved for reconsideration of that order, asserting that the court misunderstood his claims. Dkt. #10. I construe petitioner's motion as a timely filed motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59.

1

The purpose of a Rule 59 motion is to correct "manifest errors of law or fact." Oto v. Metro Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2000); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). In order to succeed on a Rule 59 motion, petitioner must show that this court "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

Petitioner has failed to show that the court made errors of law or fact in the screening order. Although I understand that petitioner disagrees with the court's decision, he has not shown that the dismissal of the complaint was manifestly erroneous. As I told plaintiff in the dismissal order, this court cannot review or reverse the decision of a state court. Ritter v. Ross, 992 F.2d 750, 755 (7th Cir. 1993). Further, the Supreme Court has held that federal courts lack jurisdiction over domestic relations cases in which the relief sought would "involv[e] the issuance of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). The "domestic relations" exception applies even when the plaintiff challenges on constitutional grounds the state court's actions or failure to act. Allen v. Allen, 48 F.3d 259, 261-62 (7th Cir. 1995). Because petitioner's motion merely states his dissatisfaction with the court's decision and rehashes his prior arguments, I will deny it.

2

If petitioner intends to file a notice of appeal, he should be aware that the time for filing an appeal runs from the date of entry of an order disposing of a timely filed Rule 59 motion. Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the entry of judgment or order appealed from. Therefore, if petitioner wishes to file an appeal in this case, he has 30 days from the date of entry of this order in which to do so. I express no opinion whether petitioner should file a notice of appeal. That decision is petitioner's alone and should be considered carefully in light of the fact that any such appeal will be subject to a $455 filing fee.

ORDER

IT IS ORDERED that the motion for reconsideration filed by petitioner Michael Plasky, dkt. #10, is DENIED.

Entered this 6th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge